UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                          :
STACEY R. LONG,                           :          CASE NO. 1:16-CV-00333
                                          :
              Petitioner,                 :
                                          :
     vs.                                  :          OPINION & ORDER
                                          :          [Resolving Docs. 37, 38]
BRIGHAM SLOAN, Warden,                    :
                                          :
              Respondent.                 :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

     Petitioner Stacey Long seeks habeas relief under 28 U.S.C. § 2254 from his ten-year

sentence for kidnapping, felonious assault, and domestic violence.[1]

     Magistrate Judge James Knepp, II filed a Report and Recommendation ("R&R")[2]

recommending that Court deny Long's petition. Petitioner Long objects to several portions of the

R&R, generally arguing that Long received ineffective assistance of appellate counsel.[3]

     For the following reasons, the Court **OVERRULES** Petitioner's objection to the R&R,

**ADOPTS** the R&R, and **DENIES** Long's § 2254 petition.

## I.      Background

     This petition concerns whether Long's appellate attorney provided ineffective assistance

of counsel.[4]

---

[1] Doc. 1; Doc. 13-1 at 20.
[2] Doc. 37.
[3] Doc. 38.
[4] Doc. 1.

Case No. 1:16-CV-00333
Gwin, J.

On August 21, 2013, a state court jury convicted Petitioner Long of kidnapping, felonious assault, and domestic violence.[5] The trial court sentenced Long to ten years imprisonment.[6]

Petitioner appealed the trial court's ruling with a new attorney.[7] An Ohio appellate court denied the appeal and upheld the trial court's judgment.[8] The Ohio Supreme Court dismissed Long's appeal.[9]

Petitioner then filed an Ohio Rule of Appellate Procedure Rule 26(B) application to reopen his direct appeal with the state appellate court.[10] The Rule 26(B) application alleged ineffective appellate counsel assistance.[11] In a decision on the Rule 26(B) motion, the state appellate court held that Long had "failed to identify a colorable claim of ineffective assistance of appellate counsel."[12] Long appealed, and the Ohio Supreme Court declined jurisdiction.[13]

On January 28, 2016, Long filed a federal habeas petition seeking relief under 28 U.S.C. § 2254.[14] Petitioner listed seven grounds for relief.[15]

On January 4, 2017, Magistrate Judge James Knepp, II filed a R&R recommending this Court deny Long's habeas petition.[16]

On January 23, 2017, Petitioner objected to the R&R. Petitioner seems to object to five of Magistrate Judge Knepp's conclusions. Specifically, Long asks this Court to examine whether:

1. The trial court erred in denying Long's request to represent himself.[17]

---

[5] Doc. 13-1 at 20.
[6] *Id.* at 24.
[7] Doc. 37 at 8.
[8] *State v. Long*, 19 N.E.3d 981 (Ohio Ct. App. 2014).
[9] Doc. 13-1 at 173.
[10] *Id.* at 203-20.
[11] *Id.*
[12] *Id.* at 296.
[13] *Id.* at 344.
[14] Doc. 1.
[15] *Id.*
[16] Doc. 37.
[17] *Id.* at 12 (citing Doc. 1 at 4).

Case No. 1:16-CV-00333
Gwin, J.

2.  Counsel was ineffective for failing to argue for a lesser-included offense of felonious assault.[18]

3.  Counsel was ineffective for failing to object to a sentence contrary to law.[19]

4.  Petitioner had irreconcilable differences with his appointed counsel.[20]

5.  Counsel was ineffective for failing to raise two critical arguments for review.[21]

In addition, Petitioner Long objects to Magistrate Judge Knepp's recommendation that the Court deny Long's motion to amend and stay his petition.[22]

The Court denies each of these objections in turn.

## II.     Legal Standard

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of the R&R to which the parties have properly objected.[23] A district court may adopt without review those R&R parts to which no party has objected.[24]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[25] controls federal habeas review of state court proceedings. AEDPA generally requires that a petitioner exhaust all of his available state court remedies before seeking habeas relief.[26] A district court will not consider a habeas petitioner's "contentions of federal law . . . not resolved on the merits in the state proceeding due to [a petitioner's] failure to raise them there as required by state procedure."[27]

---

[18] *Id*. (citing Doc. 1 at 11).
[19] *Id*. (citing Doc. 1 at 17).
[20] *Id*. (citing Doc. 1 at 7).
[21] *Id*. (citing Doc. 1 at 20).
[22] Doc. 38 at 13, 15.
[23] 28 U.S.C. § 636(b)(1).
[24] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
[25] 28 U.S.C. § 2254.
[26] 28 U.S.C. § 2254(b)(1)(A).
[27] *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Lundgren v. Mitchell*, 440 F.3d 754, 763–64 (6th Cir. 2006).

Case No. 1:16-CV-00333
Gwin, J.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[28]

### III.    Discussion

Petitioner Long raises five objections to Magistrate Judge Knepp's recommendations.[29] Long also objects to the Magistrate Judge's recommendation to deny his motion to amend and motion to stay his habeas petition.[30]

First, the Court overrules three of Long's objections on the merits: (1) that the trial court should have permitted Long to represent himself at trial; (2) that his jury should have considered a lesser-included offense; and (3) that he was sentenced improperly.[31]

Next, the Court denies Petitioner's claim that he had irreconcilable differences with his counsel.  This denial is in part on the merits and in part on procedural default.[32]

Then, the Court denies Long's final ineffective appellate counsel claim as procedurally defaulted.[33]

---

[28] 28 U.S.C. § 2254(d).
[29] Doc. 38; Doc 1.
[30] Doc. 34.
[31] Doc. 38 at 17-24; 24; 24-27 (grounds one, three, and five from the R&R, respectively). Petitioner Long raised these three claims in his Rule 26(B) application to reopen his direct appeal with the Ohio state appeals court. That Ohio court denied all three claims on their merits. Doc. 13-1 at 286-96.  Long timely appealed that decision to the Ohio Supreme Court, which declined jurisdiction. Doc. 13-1 at 344. Long then brought these three claims to this Court for habeas review. Doc. 1.
[32] Id. at 5-14 (ground two in the R&R).
[33] Id. at 14-16 (ground six in the R&R). Petitioner Long asks the Court to overlook his procedural defaults because he is actually innocent. Long's actual innocence arguments fail. See Section III.C.2.

Case No. 1:16-CV-00333
Gwin, J.

Finally, Long objects to the dismissal of his motion to amend and stay his petition.[34] The Court overrules his objection and denies Petitioner's motion to amend and stay.

### A.  Long's objections to the R&R

#### 1.  Petitioner's right to self-representation

Petitioner Long argues that his appellate counsel provided ineffective assistance because his appellate counsel should have made a right to self-representation claim in counsel's assignment of error.[35]  According to Long, the state trial court violated his Sixth Amendment right by denying him the opportunity to represent himself at trial.

Defendants have a right to self-representation, but this right is not absolute.[36] "A defendant may forfeit his self-representation right if he does not assert it 'in a timely manner.'"[37]

A defendant may assert his self-representation right "weeks before trial."[38]  However, as a defendant's trial date approaches, a trial court has progressively "more latitude to reasonably determine that a defendant has not satisfied [the timely manner] standard."[39]  For instance, the Sixth Circuit has held that a defendant's request to proceed *pro se* the day his trial started is untimely.[40]

Here, Petitioner asked to represent himself in "the middle of trial."[41] This request came long after the established "weeks before trial" benchmark.[42]  Therefore, the state trial court did

---

[34] *Id.* at 13.
[35] Doc. 38 at 17.
[36] *Martinez v. Ct. of Appeal of Cal.*, Fourth App. Dist., 528 U.S. 152, 161 (2000).
[37] *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015) (quoting *Martinez*, 528 U.S. 161).
[38] *Faretta v. California*, 422 U.S. at 807, 835 (2015).
[39] *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015) (quoting *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009).
[40] *Hill*, 792 F.3d at 674.
[41] *State v. Long*, 19 N.E.3d 981, 991 (Ohio Ct. App. 2014).
[42] *Hill*, 792 F.3d at 674.  Petitioner also argues that the trial court should have made a *Faretta* inquiry once he asked to represent himself. Doc. 38 at 18.  In a *Faretta* inquiry, the trial court "should make the defendant aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 835 (citations omitted). "Although the Supreme Court has required such an inquiry before *granting* a self-representation request—which is, in effect, a waiver of the right

-5-

Case No. 1:16-CV-00333
Gwin, J.

not unreasonably apply clearly established Supreme Court precedent when it denied Long's

request to proceed *pro se*.

Accordingly, the Court overrules Long's first objection.

### 2. Counsel's failure to propose a lesser-included offense

Petitioner Long says his appellate counsel was ineffective because he failed to argue that

Long's trial counsel was ineffective for failing to propose an aggravated assault jury instruction

as a lesser-included offense of felonious assault.[43] Petitioner says an aggravated assault

instruction was appropriate because the victim provoked him.[44]

The Ohio appellate court examined this issue. Unless a state court misapplies established

federal law, or unreasonably determines the facts of a case, this Court defers to the state court's

factual findings and state law interpretations. [45]

The state appeals court determined Petitioner's felonious assault charge was an

appropriate application of Ohio law.[46] Aggravated assault is an inferior degree of felonious

assault.  Aggravated Assault is not a lesser-included offense of felonious assault since its

elements are identical to those of felonious assault, although with additional mitigating element

of serious provocation.[47] The state court's conclusion does not "contravene or misapply clearly

established Supreme Court precedent,"[48] nor is it "based on an unreasonable determination of

fact."[49]

Petitioner's objection is overruled.

---

to counsel—it has not required a court to inquire before *denying* a request as untimely." *Hill*, 792 F.3d at 678
(emphasis in original). Therefore, Long's argument loses.
[43] Doc. 38 at 24.
[44] Doc. 1 at 11.
[45] 28 U.S.C.S. § 2254(e)(1).
[46] Doc. 13-1 at 292-93.
[47] *State v. Ruppart*, 931 N.E.2d 627, 629-31 (Ohio Ct. App. 2010).
[48] 28 U.S.C. § 2254(d)(1).
[49] 28 U.S.C. § 2254(d)(2).

Case No. 1:16-CV-00333
Gwin, J.

### 3. Counsel's failure to object to a sentence contrary to law

Petitioner Long says his appellate counsel was ineffective for failing to argue that trial counsel should have objected to an improper sentence. Petitioner says his appellate counsel should have raised this state-law assignment of error because his sentence is improper because "the same conduct resulted in dual charges and convictions for felonious assault and kidnapping."[50]

The Ohio Supreme Court uses a three-prong test to determine whether two offenses constitute "allied offenses of similar import"[51] for which a defendant can only be convicted once.[52] Defendants may be convicted and sentenced for multiple offenses when any of the following are true: "(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, [or] (3) the offenses were committed with separate animus or motivation."[53]

The Ohio appeals court determined that "the kidnapping was not incidental to the assault, and therefore the crimes were not committed by a single act."[54] Because the offenses were committed separately, Petitioner's argument fails on the second prong of the merger test. Petitioner's kidnapping and assault charges are not "allied offenses of similar import" and cannot be merged.

As discussed above, this Court defers to state courts' factual findings and state law interpretations.  The Ohio appeals court rejected Long's sentencing-merger argument. The

---

[50] Doc. 37 at 32 (citing Doc. 1 at 17-19).
[51] *State v. Long*, 19 N.E.3d 981, 993 (Ohio Ct. App. 2014).
[52] *Id.*; *see also State v. Ruff*, , 34 N.E.3d 892, 898 (2015).
[53] *Ruff*, 34 N.E.3d 892 at 898.
[54] *Long*, 19 N.E.3d at 993.

Case No. 1:16-CV-00333
Gwin, J.

court's conclusion does not "contravene or misapply clearly established Supreme Court precedent," nor is it factually unreasonable.[55]

More important to Long's argument, Long's appellate counsel's did not "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[56]

Petitioner's claim is denied.

### 4.  Irreconcilable differences with counsel

Petitioner says the state court violated his Sixth Amendment rights when it "forced [Long] to go to trial with an attorney he had an irreconcilable difference with."[57]

When Petitioner makes this argument, he raises two distinct claims: (1) that the trial court erred when it denied Long's motion to substitute his counsel and (2) that Long received ineffective assistance of trial counsel.[58]

The Court concludes that Long's first claim loses on the merits[59] and the second procedurally defaulted.

*a. Choice of Counsel Claim*

Petitioner loses on his claim that the trial court erred when it denied his motion to substitute counsel.

---

[55] Doc. 37 at 30.
[56] *Strickland v. Washington*, 466 U.S. 668, 686 (1984).
[57] Doc. 1 at 7.
[58] Doc. 37 at 21.
[59] The Magistrate Judge described this claim as partially "non-cognizable" and included a discussion of procedural default.  The Magistrate Judge likely means the claims do not succeed.  Procedural default does not apply to the so-called non-cognizable claim. Accordingly, the Court rejects the claim on its merits.

Case No. 1:16-CV-00333
Gwin, J.

Every criminal defendant has a Sixth-Amendment right to assistance of counsel.[60] However, the right to choose one's counsel "does not extend to defendants who require counsel to be appointed for them."[61]

Therefore, "those who do not have the means to hire their own lawyers have no cognizable complaint [regarding Sixth Amendment choice of counsel] so long as they are adequately represented by attorneys appointed by the court."[62]  An indigent defendant only has a cognizable claim to substitute his court-appointed counsel if there is "a breakdown in the attorney-client relationship of such a magnitude as to jeopardize the defendant's right to effective assistance of counsel."[63]

During his trial, Petitioner filed two *pro se* motions arguing ineffective assistance of trial counsel.[64] The trial court read these motions as requests for new, court-appointed counsel. The trial court held hearings on both motions.[65] Long eventually withdrew the first motion.[66] The court denied the second.[67]

Upon appeal, Long challenged the trial court's denial of Long's request for alternative counsel.  The state appellate court conducted extensive review of the trial record before affirming the denial of these motions. The appeals court concluded that although "trial counsel and Long at times had significant disagreements over trial strategy . . .  such disagreements alone are insufficient to create a complete breakdown in the relationship."[68]

---

[60] U.S. CONST. amend. VI.
[61] *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1932)).
[62] *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 624 (1989).
[63] *State v. Coleman*, 525 N.E.2d 792, 799-800 (1988).
[64] *State v. Long*, 19 N.E.3d 981, 990-91 (Ohio Ct. App. 2014).
[65] *Id*.
[66] *Id*. at 990.
[67] *Id*. at 991.
[68] *Id.*

Case No. 1:16-CV-00333
Gwin, J.

Petitioner says his claim is based on deficiencies in his trial counsel's performance, not on a trial strategy disagreement .[69] This Court disagrees.

The deficiencies alleged in Long's objections are critiques of trial counsel's strategy before and during trial. [70]  Long's disagreements with his trial attorney suggested strategy did not create a breakdown so great that it jeopardized Long's defense.  Long's trial attorney conducted an adequate investigation, prepared a full defense, and properly justified his trial strategy during hearings on Petitioner's *pro se* motions to substitute counsel.[71]

This Court finds no evidence that appointed counsel inadequately represented Long. Therefore, Petitioner's claim that the trial court should have substituted his counsel does not succeed.

### b. Claim that trial counsel was ineffective by failing to investigate

Petitioner Long says his trial counsel ineffectively assisted him by failing to thoroughly investigate Long's case.  However, this claim is procedurally defaulted because Long failed to raise it before the Ohio Supreme Court.[72]

Long argues that he properly raised this argument.[73]  Long says the claim is ripe for habeas review because Long (1) raised the claim as part of his timely petition to reopen his direct

---

[69] Doc. 38 at 5.
[70] *Id*. at 5-12. Long claims trial counsel failed to adequately investigate Long's case, conduct pretrial discovery, prepare a proper defense, raise all available defenses, or inform Long of counsel's trial strategy. Long also claims trial counsel attempted to induce him to take a "blind plea." *Id*. at 6.
[71] *Long*, 19 N.E.3d at 990-91. During trial court hearings on Long's motions to substitute his trial counsel, Long's counsel testified he had met with Long at least ten times and had not withheld any information from Petitioner. Trial counsel also testified he did not believe any additional exculpatory evidence existed and that the decision not to pursue phone records was a strategic agreement between trial counsel and his supervisor. *Id.*
[72] Doc. 37 at 18-20.
[73] Doc. 38 at 12.

-10-

Case No. 1:16-CV-00333
Gwin, J.

appeal, and (2) timely appealed the appellate court's denial of that petition to the Ohio Supreme

Court.[74] Alternatively, Long says he had cause for failing to exhaust this claim.[75]

      Petitioner's arguments lose.

      When a petitioner fails to present his federal constitutional claims to the highest available

state court, and state remedies for those claims are no longer available, those claims are

procedurally defaulted.[76]

      In his federal habeas petition, Long argues that with his Rule 26(B) application, he

properly exhausted six ineffective assistance of trial counsel claims in state court.[77] Petitioner is

incorrect. "Ohio Appellate Rule 26(B) provides a procedural mechanism only for raising claims

of ineffective assistance of *appellate* counsel, not *trial* counsel."[78] A Rule 26(b) application

"does not preserve the underlying substantive arguments . . . for habeas review."[79]

      By failing to raise the inadequate investigation claim in his original petition for review to

the Ohio Supreme Court, Petitioner failed to exhaust ineffective assistance of trial counsel claims

in state court review. Under Ohio procedural rules, claims must be raised on direct appeal, or

---

[74] Doc. 34 at 4. Although not explicitly stated, Magistrate Judge Knepp construes this to mean Petitioner's Rule 26(B) application to re-open his appeal.

[75] *Id*. at 13. Petitioner argues ineffective assistance of counsel, by way of a *Brady* violation, as cause for his procedural defect. Petitioner says he is allowed to make this argument because he properly exhausted and preserved a *Brady* claim for habeas review. However, for reasons explained in Section III.B, the *Brady* claim is procedurally defaulted and cannot be asserted here as cause. Petitioner fails to present cause for his default.

[76] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999).

[77] Doc. 37 at 18.  Long claims his trial counsel failed to "(1) discuss the case with him, (2) interview the victim or potential witnesses, (3) prepare an adequate defense, (4) disclose allegedly exculpatory evidence obtained through discovery, (5) introduce evidence warranting a lesser-included offense jury instruction, and (6) submit mitigating evidence." *Id*.

[78] Doc. 37 at 19 (citing Ohio R. App. P. 26(B)). "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." Ohio R. App. P. 26(B)(1).

[79] *Id*. (citing *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6thCir. 2012)).  Long raised the six named claims on direct appeal in support of his claim that the trial court erred by failing to substitute Long's trial counsel. Long did *not* raise the claims as evidence of ineffective assistance of counsel (as he attempts to do here). In fact, Long's direct appeal raised only one ineffective assistance of counsel claim: that his trial counsel was ineffective for failing to object to particular evidence. Doc. 13-1 at 40-42. Specifically, Long objects to trial counsel "fail[ing] to object to a recording of a phone call in which the Defendant's non-testifying sister makes a statement which is highly prejudicial and unreliable hearsay." *Id*.

Case No. 1:16-CV-00333
Gwin, J.

they will be waived under Ohio's doctrine of *res judicata*.[80] Because there is no mechanism by which Long can exhaust them now,[81] the claims are procedurally defaulted.

### 5. Ineffective Assistance of Appellate Counsel

Petitioner Long says he was denied his Sixth Amendment right to effective assistance of appellate counsel. Long argues appellate counsel failed to raise two critical claims for review.

Long says his appellate counsel (1) should have argued that trial counsel was ineffective for failing to conduct an adequate investigation, and (2) failed to provide Long critical information like trial transcripts.[82]

"The purpose of an objection is not to present new claims, but to argue against the findings, conclusions, and recommendations of the R&R based on the law and the record."[83]

In his habeas petition, Petitioner Long listed entirely different bases for his ineffective assistance of appellate counsel claim than he now raises in his objections to the R&R. This alone is a sufficient ground for denying the claims.[84]

Moreover, a petitioner must give state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process."[85]

---

[80] *State v. Perry*, 226 N.E.2d 104, 108 (Ohio 1967).
[81] Doc. 37 at 19-20. Magistrate Judge Knepp's R&R summarizes the Ohio post-conviction procedures, filing deadlines, and *res judicata* rules that now preclude Petitioner from raising these claims in Ohio state court.
[82] Doc. 38 at 2, 15-16. Long argues appellate counsel's failure to give him this "relevant information" left him no choice but to move to stay and amend his case. Doc. 34. On November 3, 2016, Petitioner filed a motion for leave to amend his petition and stay these habeas proceedings pending exhaustion of his claims in state court. *Id.*
[83] *Pruitt v. Welsh*, No. 1:08cv2550, 2010 U.S. Dist. LEXIS 84620, at *16 (N.D. Ohio Aug. 18, 2010) (citing *McIntosh v. Hudson*, 632 F. Supp. 2d 725, 729 (N.D. Ohio 2009)); *see also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("Issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived.")).
[84] *Id.*
[85] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

-12-

Case No. 1:16-CV-00333
Gwin, J.

Petitioner made his ineffective assistance of appellate counsel argument in his Rule 26(B)

application to reopen his direct appeal.[86] Upon denial of that application, Long failed to include

this claim in his appeal to the Ohio Supreme Court.[87] Petitioner therefore failed to give state

courts "one full opportunity" to review this claim.

Petitioner's final ineffective assistance of appellate counsel claim is procedurally

defaulted.

### B.  The Court denies Petitioner's motion to amend and stay

Long seeks to add two claims to the instant habeas petition. Long says his trial counsel

(1) committed a *Brady* violation by deliberately withholding exculpatory evidence[88] and (2)

provided him ineffective assistance before trial.[89]  Magistrate Judge Knepp recommended

denying Petitioner's motion to amend because these two claims are procedurally defaulted. [90]

Long objects.[91]

A petitioner who procedurally defaults an issue by failing to raise the issue in state court

is precluded from federal habeas review unless he can demonstrate (1) cause for a default that

resulted in actual prejudice; or (2) that denying his petition will result in a "fundamental

miscarriage of justice" because he is actually innocent of the crime for which he was convicted.[92]

---

[86] Doc. 13-1 at 205.
[87] *Id*. at 297-98.
[88] Doc. 34 at 10.
[89] *Id*. Petitioner failed to exhaust both of these claims in state court. Petitioner did make these arguments in support of his *pro se* motions to substitute his counsel during trial. He raised them again on direct appeal, arguing that the trial court erred in denying his *pro se* motions.  Doc. 37 at 20 n.3 (citing *State v. Long*, 19 N.E.3d 981, 989-91 (Ohio Ct. App. 2014)).  He did not, however, make either argument in support of an independent ineffective assistance of trial counsel claim in state court. Therefore, the claims are procedurally defaulted.
[90] Doc. 37. at 20-21.
[91] Doc. 38 at 13, 15.
[92] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

-13-

Case No. 1:16-CV-00333
Gwin, J.

Long says he has cause for defaulting his *Brady* claim.[93] Petitioner also argues he is actually innocent so this Court should excuse his default on both his *Brady* claim and his ineffective assistance claim.[94]

### 1. The *Brady* claim

Long argues that ineffective assistance of appellate counsel caused him to default the *Brady* claim and forced him to file his motion to amend and stay.[95] Long says he was "unavoidably prevented" from including the *Brady* claim in his habeas petition because appellate counsel failed to provide Long with information he needed to make that argument.[96]

Petitioner's argument misses the mark.

The issue is not whether Petitioner had cause to omit the *Brady* claim from his habeas petition. Instead, the question is whether Long had cause for failing to exhaust his *Brady* claim in state court.

Petitioner had the opportunity to raise an independent *Brady* claim as part of his direct appeal.[97] He did not do so.[98] Later, Petitioner had opportunity to include a *Brady* claim as part of his Ohio Rule 26(B) application.[99]  Because the claim was not exhausted in state proceedings, the Court is barred from reviewing it here.[100]

---

[93] Doc. 38 at 3.
[94] *Id*. at 14. Petitioner Long says his actual innocence should excuse any procedural default on any claim.  We disagree.  The Court's analysis of Long's actual innocence argument in Section III.C.2 applies to all of Long's procedurally defaulted claims.
[95] *Id*.
[96] *Id*. at 3.
[97] "Petitioner asserted these [*Brady* and ineffective assistance of counsel] claims in his *pro se* motions for new counsel before the trial court and on direct appeal in support of his claim that the trial court erred in denying those motions." Doc. 37 at 20 (citing *Long*, 19 N.E.3d at 989-91). "But Petitioner did not raise the claims in state court as independent claims, and these claims, too, are procedurally defaulted." *Id*. at 20. The Court sees no reason Petitioner could not have raised an independent *Brady* claim in state court.
[98] *See* Doc. 13-1 at 31-34.
[99] *Id*. at 205.
[100] *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

-14-

Case No. 1:16-CV-00333
Gwin, J.

### 2. Long's alleged actual innocence

Even if he fails to show cause and prejudice, Long says the Court should excuse his procedural default because he is actually innocent.[101] Long submits a short affidavit from his victim, Donna Palmatier, saying Long did not violate Ohio law.[102]

"In an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."[103] "'Actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."[104] "Where newly discovered evidence is alleged in a habeas application, evidence which could not reasonably have been presented to the state trier of facts, the federal court must grant an evidentiary hearing."[105]

This "miscarriage of justice" exception applies only to "a severely confined category"[106] of cases. Using previously undiscovered evidence, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[107] Evidence of one's innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."[108]

Petitioner fails to satisfy this standard.

---

[101] Doc. 38 at 14. At the time Magistrate Judge Knepp issued his R&R, Long had not offered evidence of any cause, resulting prejudice, or actual innocence that might revive his otherwise defaulted claims. However, in his objections to the R&R, Long discusses the "actual innocence" standard and includes with his objections an affidavit by Donna Palmatier. Doc. 38-2.
[102] Doc. 38-2.
[103] *Murray v. Carrier*, 477 U.S. 478, 481(1986).
[104] *Herrera v. Collins*, 506 U.S. 390, 393 (1993).
[105] *Id.*
[106] *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1925 (2013).
[107] *Schlup v. Delo*, 513 U.S. 298, 301 (1995).
[108] *Id.*

-15-

Case No. 1:16-CV-00333
Gwin, J.

In the affidavit, Palmatier says Long "did not kidnap me by purposely restraining my liberty pursuant to the Ohio revised code [sic] 2905.01(A)" and "did not knowingly cause me serious physical harm pursuant to 2903.11(A)(1)."[109]

Palmatier's affidavit fails to meet *Schlup*'s strict standard for demonstrating actual innocence. Even in light of the affidavit, the overwhelming sum of evidence produced at trial supports Long's guilt. The Court is not persuaded that "it is more likely than not that no reasonable juror would have convicted" Long if the affidavit had been presented to the jury.

First, the Court finds the affidavit unpersuasive on its face. Nowhere in the affidavit does Palmatier recant her prior testimony regarding the events of March 7, 2013. Instead, Palmatier gives the general opinion that Long's actions on that day are not violations of the crimes that Long was convicted of. As a witness, Palmatier is not qualified to testify as to whether Petitioner's actions constitute kidnapping under Ohio law.

Second, Petitioner Long has a history of witness intimidation directed at victim Palmatier. As explained by the state appellate court:

[¶13]  At some point after the Lake County Prosecutor's Office became involved with the incident, Long sent Palmatier a letter that began as follows: "If you remember that affidavit I did for Mike and Cassy for one of their many situations, same thing. Simply state that "I, Stacey Long, did not harm or attempt to harm you on or about 3/7/13.' Anything you said contrary prior (sic) was under duress." The letter then instructed Palmatier how to properly notarize the statement with witnesses, told Palmatier to make three copies of the affidavit and send the copies to the clerk of courts. The letter also indicated that "another way" was for Palmatier not to sign for any certified mail and "just don't come." Because a bailiff would be sent to serve Palmatier, the letter asked her not to open up the door to unexpected guests. The letter closes by instructing, "If you end up here, simply state you don't remember and plead the fifth and state you were under duress when you spoke with the police. Throw this out after you read it." Palmatier disregarded the final instruction and handed the letter over to the prosecutor's office.

---

[109] Doc. 38-2.

-16-

Case No. 1:16-CV-00333
Gwin, J.

[¶14]  The state also presented clips of phone calls that Long made from jail to his sister. The clips concern Long's desire for Palmatier not to participate in the proceedings. At one point Long acknowledges that his actions reflected misplaced anger that he took out on Palmatier. During their conversation his sister stated, "Yeah, she—you basically jacked her up so bad. I was just so hurt. Damn." Long replied, "Yeah, yeah, but like I said." In the last clip, Long states, "if she was to participate with these folks here, it would be a wrap, sis, you know?"[110]

Therefore, Palmatier's affidavit is not sufficiently reliable to support a finding of "actual innocence." Accordingly, the Court denies Long's motion to leave and amend his petition.

## IV.    CONCLUSION

For the reasons above, the Court **OVERRULES** Petitioner's objection to the R&R, **ADOPTS** the R&R, and **DENIES** Long's § 2254 petition. Additionally, the Court certifies that no basis exists upon which to issue a certificate of appealability.[111]

IT IS SO ORDERED.

Dated: July 20, 2017                                    s/        James S. Gwin
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[110] *State v. Long*, 19 N.E.3d 981, 986 (Ohio Ct. App. 2014).
[111] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).